Dear Representative Hill:
You have asked our office to provide an opinion regarding the interpretation of La.R.S. 9:2795.1, with respect to limitation of liability for farm animal activity. More specifically, where a cattle sale is co-sponsored by two entities, you have asked whether La.R.S. 9:2795.1 would apply to both entities.
This statute provides a limitation of liability to a farm animal activity sponsor, a farm animal professional, or any other person for the injury or death of a participant resulting from the inherent risks of a farm animal activity. La.R.S. 9:2795.1(B) provides:
Except as provided in Subsection C of this Section, [1] a farm animal activity sponsor, a farm animal professional, or any other person, which shall include a corporation or partnership, shall not be liable for an injury to or *Page 2 
the death of a participant resulting from the inherent risks of a farm animal activity and, except as provided in Subsection C of this Section, no participant or participant's representative shall make any claim against, maintain an action against, or recover from a farm animal activity sponsor, a farm animal professional, or any other person for injury, loss, damage, or death of the participant resulting from any of the inherent risks of farm animal activities.
You have asked our office to address (1) whether a cattle sale is a "farm animal activity" and (2) whether the limitation on liability afforded by La.R.S. 9:2795.1 would apply to both co-sponsors of an event, as opposed to only one sponsor of an event.
"Farm animal activity" is defined by La.R.S. 9:2795.1(A)(3), the relevant portion providing that such activity includes:
(d) Riding, inspecting, or evaluating a farm animal belonging to another, whether or not the owner has received some monetary consideration or other thing of value for the use of the farm animal or is permitting a prospective purchaser of the farm animal to
ride, inspect, or evaluate the farm animal.
(Emphasis added).
A cattle sale is generally understood as an event where cattle are offered for sale, and a prospective purchaser is permitted to evaluate the cattle being sold before purchasing. It is the opinion of this office that a cattle sale qualifies within the definition of La.R.S. 9:2795.1(A)(3) as a farm animal activity.
Consistent with La.R.S. 9:2795.1(B), a farm animal activity sponsor or any other person, which shall include a corporation or partnership, shall not be liable for an injury resulting from the inherent risks of a farm animal activity.
As indicated above, it is the opinion of this office that a cattle sale qualifies as a farm animal activity. The intent behind La.R.S. 9:2795.1 is to provide a farm animal activity sponsor or any other person with immunity from liability for injuries resulting from the inherent risks of a farm animal activity. There is no indication that the legislature intended to limit the application of this statute to one entity per event. If two entities sponsor a farm animal activity, it is the opinion of this office that the statute limiting liability for certain injuries occurring at such an event, La.R.S. 9:2795.1, would apply to both sponsors of the event. Please note that such limitation of liability is not available if any of the elements enumerated in La.R.S. 9:2795.1(C) is present, such as an intentional act, willful or wanton disregard, etc. *Page 3 
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ Emalie A. Boyce Assistant Attorney General
JDC: EAB
[1] La.R.S. 9:2795.1(C) provides:
Nothing in Subsection B of this Section shall prevent or limit the liability of a farm animal activity sponsor, a farm animal professional, or any other person if the farm animal activity sponsor, farm animal professional, or person either:
(1) Provided the equipment or tack, and knew or should have known that the equipment or tack was faulty, and such equipment or tack was faulty to the extent that it did cause the injury.
(2) Failed to make reasonable and prudent efforts to determine the ability of the participant to engage safely in the farm animal activity and to safely manage the particular farm animal based on the participant's representations of his ability.
(3) Owns, leases, rents, or otherwise is in lawful possession and control of the land or facility upon which the participant sustained injuries because of a dangerous latent condition which was known or should have been known to the farm animal activity sponsor, farm animal professional, or person and for which warning signs have not been conspicuously posted.
(4) Commits an act or omission that constitutes willful or wanton disregard for the safety of the participant, and that act or omission caused the injury.
(5) Intentionally injures the participant.